UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA NEWDIGATE, et al.,
Plaintiffs,

vs.

ADAMANDA, INC., et al.,
Defendants.

Case No. 1:14-cv-837

Litkovitz, M.J.

**ORDER**

Plaintiffs Linda Newdigate and Constance Miller bring this action against defendants Adamanda, Inc., and Donna Lynch, alleging defendants failed to pay them overtime compensation at a rate of one and one-half times plaintiffs' regular pay in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and Ohio law. This matter is before the Court on plaintiffs' Motion to Compel and to Deem Request for Admission Admitted. (Doc. 21). Defendants have not filed a memorandum in opposition to plaintiffs' motion.

Plaintiffs seek an order compelling defendants to provide responses to plaintiffs' first set of discovery requests, which were served on April 20, 2015. (Doc. 21-1). Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B). Both the Federal Rules of Civil Procedure and the Local Rules of this Court require counsel to meet and confer to resolve differences as to discovery disputes. *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio April 12, 2010). Pursuant to Fed. R. Civ. P. 37, the moving party must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Local Rule

37.1 requires that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ." S.D. Ohio Civ. R. 37.1. *See also Tdata Inc. v. Aircraft Technical Publishers*, No. 2:03-cv-264, 2008 WL 2169353, at *3 (S.D. Ohio May 21, 2008) ("Local Rule 37.1 thus contemplates one mandated step: that the parties exhaust among themselves all extrajudicial means for resolving any discovery dispute before filing any Rule 26 or 37 motion.").

Plaintiffs have submitted documentation showing they conferred in good faith with defendants regarding their discovery dispute and exhausted all extrajudicial means to resolve the dispute before filing their motion to compel with the Court. (*See* Doc. 21-2). Plaintiffs' counsel contacted defendants' counsel by email on May 21, 2015, which was 31 days after the outstanding discovery requests were served, and sent a follow-up email after receiving no response from defendants' counsel. (*Id.*). Plaintiffs' counsel twice agreed to extend the time for defendants to respond to the outstanding discovery requests. (*Id.*). Plaintiffs filed their motion to compel only after defendants failed to provide discovery by the agreed upon extended deadline. (*Id.*). Thus, plaintiffs have complied with the requirements of both Fed. R. Civ. P. 37 and Local Rule 37.1. Defendants have not filed a response in opposition to plaintiffs' motion to compel setting forth any objections to plaintiffs' discovery requests or any justification for their failure to timely comply with those requests. Accordingly, plaintiffs' motion to compel is well-taken.

Plaintiffs also move to deem Request for Admission No. 2 admitted pursuant to Fed. R.

2

Civ. P. 36 based on defendants' failure to timely respond to the request.[1] (Doc. 21 at 3-4).

Request for Admission No. 2 states:

> Admit that Defendants only paid Plaintiffs their regular rate of pay or 'straight time' for all of the hours they worked each workweek and did not pay Plaintiffs time and a half their regular rate of pay for all of the hours they worked over 40 each workweek.

(Doc. 21-1). Pursuant to Rule 36, "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). A matter admitted under Rule 36 is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Plaintiffs served their Requests for Admission on defendants on April 20, 2015, in connection with the first set of discovery requests. (Doc. 21-1). Although plaintiffs' counsel sent several emails to defendants' counsel requesting that defendants respond to their discovery requests, defendants did not timely serve a written answer or objection to plaintiffs' Requests for Admission and have not responded to date. Nor have defendants responded to plaintiffs' motion to deem Request for Admission No. 2 admitted. Thus, in accordance with Fed. R. Civ. P. 36(a)(3), Request for Admission No. 2 is deemed admitted.

---

[1] Plaintiffs do not move to deem Request for Admission No. 1 admitted at this time. (Doc. 21 at 1, n.1).

## IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' motion to compel discovery responses (Doc. 21) is **GRANTED**. Defendants shall have **ten (10) days** from the date of this Order to provide their responses to plaintiffs' first set of discovery requests served on April 20, 2015.

2. Plaintiffs' motion to deem Request for Admission No. 2 admitted (Doc. 21) is **GRANTED**. The following matter is deemed admitted:

> Admit that Defendants only paid Plaintiffs their regular rate of pay or 'straight time' for all of the hours they worked each workweek and did not pay Plaintiffs time and a half their regular rate of pay for all of the hours they worked over 40 each workweek.

Date: 7/7/15

Karen L. Litkovitz
United States Magistrate Judge